IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRY THOMPSON,

    Plaintiff,

    v.

DERRICK GARNETT, *et al.*,

    Defendants.

Civil Action No.: ELH-18-1022

**MEMORANDUM**

Terry Thompson, plaintiff, a Maryland prisoner, filed suit under 41 U.S.C. § 1983, against numerous defendants. He alleges use of excessive force in September 2015. ECF 1.

On December 4, 2020, plaintiff, through pro bono counsel, filed a Motion for Other Relief pursuant to Fed. R. Civ. P. 54(b), seeking clarification and confirmation that Correctional Officer Jules Rene is and always has been a defendant in this case. ECF 89 (the "Motion"). The matters raised have been fully briefed (ECF 90, ECF 91) and the court now rules on the pending Motion. For the reasons stated herein, plaintiff's Motion shall be granted.

Until recently, plaintiff was self-represented. The Court appointed pro bono counsel on October 15, 2020. ECF 78.[1] When suit was filed, plaintiff was unrepresented.

In the Complaint, plaintiff listed "Cpl. T. Rene, Badge Number – 926" as one of twelve defendants. ECF 1 at 2, ¶ 4. He also provided a description of this officer as "a correctional officer in the Upper Marlboro Detention Center, *his* employment bestow upon an officer of the law." *Id*.

---

[1] The Court first appointed pro bono counsel on July 20, 2020. ECF 66. But, the Court subsequently allowed that lawyer to withdraw. ECF 68. Another attorney was appointed on August 25, 2020. ECF 72. That lawyer was also allowed to withdraw. ECF 75. The Court extends its sincere thanks to the lawyers who have accepted the pro bono appointment.

at 5, ¶ 22 (emphasis supplied).  But, plaintiff added: "Defendant T. Rene is being sued in *her* individual and official capacities." *Id*. (emphasis supplied).

Service of the Complaint was directed by Order of this Court.  ECF 8.  A copy of the Complaint was transmitted to the Prince George's County Attorney's office.  *Id.* ¶ 11.

The first pleading filed on behalf of the correctional officer defendants was a motion for extension of time, filed on August 1, 2018.  ECF 14.  That motion was filed on behalf of "Aeisha Haynes, Derrick Garnett, *Jules Rene'*, Daniel Morgan, Kurt Moore, Dean Gadson, Andrew Jackson, Cpl. Lewis, and Stephan Standback."  *Id*. at 1 (emphasis added).  On September 7, 2018, these same defendants then filed an answer to the Complaint.  ECF 18.  A status report filed by defense counsel on May 28, 2019, also listed "Jules Rene" as one of the defendants.  ECF 44.

As best I can determine, it was not until defendants filed a motion for summary judgment (ECF 50) that the name of defendant Jules Rene was deleted from the list of defendants and the name of "Tylicia Renee" was substituted.  *Id.* at 1.  The parties agree that Tylicia Renee was not involved in the use of force against plaintiff.  Moreover, defendants knew that plaintiff's claim of use of excessive force on September 28, 2015, involved an incident in which Jules Rene was involved, and that Jules Rene admitted to striking plaintiff.  ECF 89, ECF 90; *see also* ECF 62 at 33; ECF 50-21 at 1-3, 5-10.

To be sure, there was confusion regarding the particular defendant who had been named by plaintiff, *i.e.*, T. René or J. Rene.  This Court did not have access to information regarding who was assigned badge number 926.  However, counsel for defendants was in a position to determine who was identified by badge number 926.

In the Motion, plaintiff's counsel states that badge number 926 belonged to Jules Rene, while Tylicia Rene's badge number is 923.  ECF 89 at 3, 6.  Defense counsel does not dispute this

assertion. ECF 90. Plaintiff accurately described Jules Rene's rank as "Cpl." Notably, Tylicia Rene held the rank Sergeant. *See* ECF 50-21 at 5. Plaintiff also stated that the intended defendant was a member of the Emergency Response Team. Jules Rene was a member of the team, but Tylicia René was not. ECF 50-13 at 2-3; 6; ECF 50-21 at 2-3. Further, Jules Rene never denied that he struck plaintiff during the incident on September 28, 2015, while Tylicia René was nowhere in the vicinity of the actual incident.

Defendants now assert that Jules Rene was never properly served with the Complaint, nor was he provided notice that a lawsuit was filed against him. ECF 90 at 5. They assert that this Court never acquired personal jurisdiction over Jules Rene, due to the failure to serve him, and maintain that the County "accepted service for the officers named in the Complaint and C/O Jules Rene was not one of them." *Id*. This assertion is belied by the answer filed in this case, as well as the other pleadings filed prior to the motion for summary judgment. Until the summary judgment motion (ECF 50), defense counsel responded for Jules Rene and purported to represent Jules Rene, among others. Unlike earlier submissions, the summary judgment motion was not filed on behalf of Jules Rene; it was filed on behalf of T. René.

Plaintiff seeks relief under Fed. R. Civ. P. 54(b), which empowers this Court to revise any order at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. This revisory power is committed to the discretion of the court, with the goal being "to reach the correct judgment." *Cohens v. Md. Dept. of Human Resources*, 933 F.Supp.2d 735, 741 (D. Md. 2013) (quoting *Netscape Commc'ns Corp. v. ValueClick, Inc.*, 704 F. Supp.2d 544, 547 (E.D. Va. 2010)); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003).

Based on the facts set forth above, it is clear that Jules Rene was the person plaintiff sought to name in the suit, not Tylicia René; defense counsel was aware of this intention, and thus submitted filings on behalf of Jules Rene, including an answer to the suit (ECF 18); and defense counsel then moved for summary judgment on behalf of "T. Renee," not Jules Rene. *See* ECF 50.

Summary judgment was properly entered in favor of Tylicia René. But, it is equally clear that plaintiff meant to sue Jules Rene, and the defense understood that he was the intended defendant. He is a proper party to this case. The defense did not seek summary judgment as to him.

The Motion is granted. An Order follows.

Date:  December 15, 2020                           /s/
                                                                Ellen L. Hollander
                                                                United States District Judge